Sneed, J.,
delivered the opinion of the court.
*630 The action is against Edwin Whitmore as surviving partner of the firm of Whitmore Bros. & J. M. Cannon, upon two promissory notes executed by W. A. Whitmore, the deceased, partner in his life-time, to order of Whitmore Bros., endorsed in the firm name to Cannon and by him endorsed to Pooley, Barnum & Co., before maturity and for value. Edwin Whitmore filed a special plea of non est factum; that the endorsement of the firm name was without his authority or ' ratification; that the notes were given for the rent of a farm occupied by his deceased brother, in which the firm of Whitmore Bros, had no interest. The plaintiffs replied that they were innocent purchasers, without notice and for a valuable consideration.
The verdict and judgment were for the plaintiffs, from which defendant Whitmore appeals in error.
The proof shows that the firm of Whitmore Bros, was a publishing company in the city of Memphis; that it had no interest in the farm aforesaid, and that the note was in fact given by the deceased partner, for rent, without the concurrence or ratification of the other parties, and that said firm never executed negotiable paper except for strictly partnership purposes. The defendant Cannon traded the note off to plaintiffs for jewelry. He had previously attempted to trade it to Merriman, another jeweler, who went to Whitmore, the defendant and enquired about the note, who informed him of the circumstances and said it would not be paid by him. Merriman, thereupon declined to take the note, and the defendant Cannon. *631 then offered it to Pooley, Barnum & Co., who inquired of the First Rational Bank where Whitmore Bros, did business, if the note was genuine, and were answered that it was all right. The defendant’s place of business was just opposite the First Rational Bank, on the opposite side of the street. The plaintiffs made no further inquiry than of the bank, and thereupon accepted the note, as aforesaid.
The Judge charged the jury, in the abstract, correctly so far as he went, but upon the peculiar facts of this ease, we think his Honor withheld important instructions, so clearly applicable that we must hold it error to have omitted them.
This is not a commercial firm, in the habit of throwing negotiable paper upon the market, bxit a firm of printers and publishers, the scope and extent of whose partnership business it may be presumed, was ,well known to all the parties resident in the same city, and, besides, this was not a note of Whitmore Bros., but the individual note of W. A. Whitmore, executed by him payable to his firm and endorsed in their names upon its face, and it purported to be a firm endorsement not in the line of the firm business, but for the accommodation of the maker. It is upon its face an accommodation endorsement, and carried along with it notice of this inherent quality. If it had been the custom of the firm to issue such paper through W. A. Whitmore, then this custom would bind the firm as in favor of an innocent holder, whether the paper was issued for a partnership purpose or not. It seems to us the defendant should *632 have had the benefit of some instructions to the jury upon the doctrines of the law applicable to the peculiar facts of the case. But they were not given.
The endorsement of the note in this ease being prima facie an accommodation endorsement, not presumed in law to be incident to ordinary partnership business, it is not very clear that the plaintiffs should not be held to have been affected with notice, and put upon inquiry as to the liability of the firm upon the note.
If a partnership security be taken from one partner without the previous knowledge and consent of the others, for a debt which the creditor knew at the time was a private debt of the particular partner, it would be a fraudulent transaction and clearly void as to the firm. 3 Kent's Com., 42.
The giving of accommodation paper, says Mr. Parsons, is considered so far out of the line of regular^ commercial business, that if such paper be made and given by one member of a firm, the other partners will not be holden to any party chargeable with notice that it is accommodation paper, unless it was made with their consent. 1 Parson Bills, 141. And thus it is said, if it appears on the face of the bill that it was signed by a partnership as sureties, this will be notice to any one who may take it that it was given out of the course of partnership business, and no subsequent holder can recover on it without proving the assent of all the parties to the signature. 1 Pars. Bills., 140. The same principle applies to all cases where one partner endorsed on *633 behalf of the firm for third persons. For suretyship and accommodation endorsements, say the authorities, are not within the business of a partnership, lb. Under the facts of this case, its merits cannot be attained until a jury has passed- upon them with reference to these well established principles. The court should in all cases instruct the jury upon the principles of law applicable to the facts of the case.
Let the judgment of the Municipal Court be reversed, and a new trial awarded.